**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3203
_____

UNITED STATES OF AMERICA

v.

JEROME EDWARDS,

Appellant
_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. No. 2:11-cr-00670-001)
District Judge:  Hon. Gene E. K. Pratter
_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 5, 2017

Before:  CHAGARES, GREENAWAY, JR., and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Filed: July 28, 2017)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

CHAGARES, Circuit Judge.

On November 19, 2013, a federal jury convicted the defendant, Jerome Edwards ("Edwards"), of two counts of robbery which interferes with interstate commerce, in violation of 18 U.S.C. § 1951(a), and acquitted him of two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 942(c). At sentencing, the District Court applied a five-level enhancement, pursuant to U.S.S.G. § 2B3.1(b)(2)(C), for brandishing or possessing a firearm during a robbery. Edwards appeals his sentence and conviction, arguing that the District Court committed clear error when it applied the five-level enhancement in light of the fact that he was acquitted of the firearms charges. For the reasons that follow, we will affirm.

I.

Because we write exclusively for the parties, we set forth only those facts necessary to our disposition. Edwards was charged in relation to two robberies that took place in 2011. On the night of August 16, 2011, Edwards robbed a Wendy's restaurant located in Philadelphia, Pennsylvania. He entered the restaurant, pulled a ski mask over his face, removed a handgun from his waistband, and approached the cash register. He stood on the counter, pointed the gun at the cashier, and demanded money. The cashier backed away from the cash register and Edwards took $216 from the register and fled. The robbery was captured on surveillance cameras, and employees later identified Edwards as the perpetrator of the robbery.

At approximately 2:45 a.m. on August 18, 2011, Edwards robbed a McDonald's restaurant, also in Philadelphia, Pennsylvania. He approached the drive-thru window,

2

threw a boulder through it, and climbed through the opening created by the boulder. He then drew a handgun, threatened to kill everyone inside, and demanded money. Several employees ran to hide. Edwards pursued one of them through the kitchen and, seeing a police officer, fled through the drive-thru window. He did not take anything from the restaurant. Video surveillance captured the events, and employees later identified Edwards as the one who robbed the restaurant. No physical evidence was recovered in relation to either robbery.

At trial, the video surveillance of both robberies was introduced. In addition, two officers testified that a gun was used during the robberies. See Supplemental Appendix 4, 8-10. Employees of both restaurants also testified that Edwards brandished a firearm during the robberies. For example, a Wendy's employee, Yanhe Plummer, testified that she was "robbed at gunpoint," Appendix ("App.") 30, and that she "saw the gun," App. 31. A McDonald's employee, Ashley Saunders, testified that she saw Edwards bring a gun into the store. **App. 56-57.** Another McDonald's employee, Julius St. John, testified that he "saw the gun come out." App. 88. On cross examination, Plummer admitted that she did not "know guns," and, although it looked like a real gun, she could not definitely say that it was not fake. App. 46, 51. Saunders admitted that she was not "an expert on guns," that she didn't touch the gun, did not know if it had bullets in it, and did not know if it could hold bullets. App. 79-80. Plummer and Saunders testified that the gun was black, and St. John testified that the gun was silver. **App. 88-89.**

The jury convicted Edwards of the robbery charges, but acquitted him of the firearms charges. At sentencing, the District Court applied a five-level enhancement

3

pursuant to U.S.S.G. § 2B3.1, finding that a preponderance of the evidence showed that Edwards brandished or possessed a firearm. The District Court sentenced him to 144 months of imprisonment, a three-year term of supervised release, a mandatory special assessment of $200, and restitution in the amount of $216. Edwards's appeal is timely.[1]

II.[2]

On appeal, Edwards contends that the District Court committed clear error by applying the five-level enhancement, pursuant to U.S.S.G. § 2B3.1(b)(2)(C), for brandishing a firearm because there was insufficient evidence to support the enhancement. "[T]he burden of proof for facts relevant to sentencing [is] preponderance of the evidence." United States v. Grier, 475 F.3d 556, 568 (3d Cir. 2007) (en banc). "[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." United States v. Watts, 519 U.S. 148, 157 (1997) (per curiam). We "review factual findings relevant to the Guidelines for clear error and . . .

---

[1] Edwards's counsel did not file a timely appeal, but Edwards later filed habeas petition, pursuant to 28 U.S.C. § 2255, to contest the five-level enhancement. He argued that the enhancement was improper in light of his acquittal on the firearms counts, that his counsel was ineffective for failing to object to the enhancement, and that his counsel was ineffective for failing to timely appeal despite his request to do so. The District Court denied his petition with respect to the propriety of the five-level enhancement and with respect to Edwards's argument that his attorney was ineffective for failing to object to the enhancement. However, the District Court granted a hearing to determine the merits of his argument that his attorney was ineffective for failing to appeal, and the court appointed counsel to represent him. After the hearing and supplemental briefing by the parties, the District Court granted his petition with respect to this issue and then resentenced Edwards to an identical sentence. Edwards timely appealed.

[2] The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

4

[we] exercise plenary review over a district court's interpretation of the Guidelines." Grier, 475 F.3d at 570. "A finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (alterations in original) (quoting Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993)).

The five-level enhancement provided for in U.S.S.G. § 2B3.1(b)(2)(C) is applied when, during a robbery, "a firearm was brandished or possessed." U.S.S.G. § 2B3.1(b)(2)(C). Edwards concedes that he "brandished and possessed an object that he implied was a firearm" during the robberies but contends that there is not a preponderance of evidence to establish that the object was an actual firearm, as opposed to a toy or fake gun. Edwards's Br. 11.

The District Court acknowledged that the jury did not find beyond a reasonable doubt that a firearm was used or brandished but the court was "very much comfortable with understanding the evidence as being at least a preponderance of the evidence that a firearm was used in each instance." App. 125. The District Court specifically noted the video footage, still photographs of the robberies, and the witness testimony as supporting his conclusion. His finding was not clearly erroneous. Although defense counsel elicited some testimony during cross-examination that cast doubt on whether or not the gun was real, there was sufficient evidence to support the District Court's conclusion that it was and we are not "left with the definite and firm conviction that a mistake has been committed." Grier, 475 F.3d at 570 (quoting Concrete Pipe, 508 U.S. at 622).

5

III.

For the foregoing reasons, the judgment of the District Court will be affirmed.